

The following constitutes the order of the court.
Signed June 1, 2016

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Joseph Alan Nevarez and<br>Candace Pearl Yoko Nevarez,<br><br>                 Debtors.<br><br>Nevarez,<br><br>                 Plaintiff,<br>   v.<br><br>National Collegiate Trust,<br><br>                 Defendant. | Case No. 12-47322<br>Chapter 7<br><br>Adv. Pro. No. 15-04026<br><br>**Status Conference**<br>**Date**: June 1, 2016<br>**Time**: 10:30 a.m. |

## MEMORANDUM REGARDING IMPOSITION OF SANCTIONS

On June 1, 2016, the Court held a status conference in the above-captioned adversary proceeding. Appearances were noted on the record. Debtor's counsel, Mr. Elliot Stone, respectfully requested that the Court consider allowing him to pay the $200 sanction entered against him[1] to a charitable organization or in an alternative method to the traditional form of payment directly to the Clerk of Court. Mr. Stone indicated that his request was due to his belief that judicial sanctions for reasons other than discovery must be reported to the State Bar of California.

---

[1] The $200 sanction was imposed for the reasons stated on the record at the May 18, 2016 hearing and memorialized in the Court's Order entered on May 23, 2016 (doc. 35).

Section 6068 of the California Business & Professions Code ("Section 6068") is the applicable authority on whether an attorney must self-report judicial sanctions. Section 6068 states, in pertinent part, that "[i]t is the duty of an attorney…(o) [t]o report to the agency charged with attorney discipline, in writing, within 30 days of the time the attorney has knowledge of…(3)[t]he imposition of judicial sanctions against the attorney, except for sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars." Cal. Bus. & Prof. Code § 6068(o)(3).

The current $200 sanction falls below the amount needed for self-reporting to be necessary. The Court is unaware of any other reason why Mr. Stone would be required to self-report the current sanction. Therefore, in consideration of Mr. Stone's request, and upon review of the applicable authority, the Court hereby DENIES Mr. Stone's request.

The $200 sanction must be paid directly to the Clerk of Court **on or before June 6, 2016**, in accordance with the Court's Order Imposing Sanctions (doc. 35). However, the Court would consider any further briefing from Mr. Stone regarding his request (ie if other factors require him to self-report), provided such briefing is filed on or before June 6, 2016.

**\*END OF MEMORANDUM\***

**Court Service List**